# EXHIBIT 1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| NASRIEN HAMADE, on behalf of herself and all others similarly situated, | ) ) ) ) |
| Plaintiff, | ) C.A. No. 2:24-cv-11283 ) |
| v. | ) Chief Judge Sean F. Cox ) |
| JPMORGAN CHASE BANK, N.A., | ) Chief Magistrate Judge David R. ) Grand |
| Defendants. | ) |

## DECLARATION OF ANGIE COUNCE IN SUPPORT OF DEFENDANT JPMORGAN CHASE BANK, N.A.'s MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF ITS MOTION TO COMPEL ARBITRATION

I, Angie Counce, declare that:

1.      I am Executive Director Operations Director at JPMorgan Chase Bank, N.A. ("JPMC"). I have personal knowledge of the facts set forth in this declaration and I could and would testify competently thereto if called upon to do so. I make this declaration based on personal knowledge, information and belief, and review of JPMC's business records in support of JPMC's Memorandum of Points & Authorities in Support of its Motion to Compel Arbitration in the above-captioned matter ("Litigation").

1

2.        In my capacity as Executive Director, Operations Director, I have access to and reviewed JPMC's records regarding Plaintiff Nasrien Hamade's ("Plaintiff") JPMC credit card account, which is the subject of this Litigation.

3.        Based on my review of and personal knowledge of JPMC's records, I am aware that Plaintiff entered into a cardmember agreement ("Cardmember Agreement") with JPMC in connection with signing up for a JPMC Freedom Unlimited credit card ending in 8422 ("Account 8422"). A true and correct copy of the Cardmember Agreement for Account 8422 is attached as Exhibit A. I am aware and believe that this Cardmember Agreement governed Plaintiff's use of Account 8422. Exhibit A at 4. The Cardmember Agreement provides that Plaintiff's use of Account 8422 or any payment on the account indicated that she accepted the terms of the Cardmember Agreement. *Id.* Based on my review and personal knowledge of JPMC's records, JPMC mailed the Cardmember Agreement to Plaintiff on April 21, 2023. Based on my review and personal knowledge of JPMC's records, JPMC mailed the Cardmember Agreement to the address Plaintiff provided upon opening Account 8422 pursuant to its ordinary business practices. Based on my review and personal knowledge of JPMC's records, JPMC did not receive any evidence and has no record suggesting the Cardmember Agreement was not delivered to Plaintiff.

4.      Based on my review and personal knowledge of the Cardmember Agreement, I am aware that the Cardmember Agreement contained an arbitration agreement, which included explicit instructions to Plaintiff to notify JPMC in writing within 60 days of opening Account 8422 if she wished to reject the arbitration agreement.  Exhibit A at 17-19.  Based on my review and personal knowledge of JPMC's records, JPMC never received any notification from Plaintiff that she wished to reject the arbitration agreement.

5.      Based on my review and personal knowledge of JPMC's records, including statements for Account 8422, Plaintiff regularly used and made payments to Account 8422 after JPMC provided Plaintiff the Cardmember Agreement through JPMC's closure of Account 8422 in September 2023.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I executed this declaration on _June 23_ , 2024, in Tempe, Arizona.

Angie Counce

## CERTIFICATE OF SERVICE

I certify that on July 3, 2024, a true and correct copy of the foregoing instrument was filed with the Clerk's Office using the Court's CM/ECF system for filing and transmittal of a Notice of Electronic Filing to all registered counsel of record in this matter.

/s/ Cullen Pick
Cullen Pick

DB2/ 48283065.2

4